UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MASAHB NIAZI,<br><br>    Plaintiff,<br><br> -against-<br><br>THE CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT ("NYPD") OFFICER LUIS REYES (Tax Reg. No. 959927), in his individual capacity; and NYPD OFFICERS JOHN DOE #1, 2, 3 and 4, in their individual capacities,<br><br>    Defendants. | Civil Action No.: 22-1069<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

  Plaintiff Masahb Niazi, by and through his attorneys, Emery Celli Brinckerhoff Abady Ward & Maazel LLP and Jose L. Nieves, Esq., for his Complaint alleges as follows:

### PRELIMINARY STATEMENT

  1. On December 9, 2020 and again on January 2, 2021, New York City Police Department ("NYPD") officers assaulted, and unlawfully detained Plaintiff Masahb Niazi—a 21-year old undergraduate student at Queens College—in his Queens neighborhood.

  2. On December 9, 2020, Mr. Niazi was seated in the front passenger seat of a friend's car which was legally parked a few blocks from his apartment in Queens.

  3. Without warning, NYPD officer Defendant Luis Reyes approached the driver's side and pulled out Mr. Niazi's friend—the car's owner—and began to violently assault him.

  4. Mr. Niazi witnessed the beating and feared for his own safety.

  5. Next, an unidentified NYPD officer, Defendant Doe #1, appeared next to

the car and violently pulled Mr. Niazi from his seat.

6. Defendant Doe #1 yanked Mr. Niazi out of the car with so much force and speed that he caused Mr. Niazi's face to strike the car door, chipping his front tooth.

7. The NYPD officers then unlawfully arrested and detained Mr. Niazi for nearly 24 hours, with no justification.

8. Defendant Doe #1 handcuffed Mr. Niazi so tightly that he suffered lacerations and pain on both wrists and in his left hand.

9. While unlawfully detained, Mr. Niazi requested but was denied a drink of water, a phone call, and the right to speak with an attorney.

10. Because of Mr. Niazi's unlawful arrest and detention, he suffered injuries to his teeth, wrists, and left hand. He continues to experience lingering pain from these injuries.

11. On January 2, 2021, Mr. Niazi was again harassed and unlawfully detained by Defendant Reyes and Defendant Doe #1. Just a few weeks removed from his first interaction with the two Defendants, Mr. Niazi feared for his own safety when he was ordered out of his car, detained, and searched with no justification.

12. Mr. Niazi now seeks redress for Defendants' egregious violations of his rights.

**PARTIES**

13. Plaintiff Masahb Niazi is a 21-year-old man who at all relevant times was a resident of New York State. Mr. Niazi was born and raised in Queens, New York.

14. Defendant City of New York (the "City") is a municipal corporation duly organized under the laws of the State of New York. At all times relevant hereto, the City, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and

conduct of all NYPD matters, including the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the City was responsible for enforcing the rules of the NYPD and for ensuring that NYPD personnel obey the laws of the United States and of the State of New York.

15. At all relevant times, Defendant Luis Reyes, Tax Registry No. 959927, was a police officer of the New York City Police Department, acting in the capacity of agent, servant, and employee of the City, and within the scope of his employment as such.

16. At all relevant times, Defendant Doe #1 was a police officer of the New York City Police Department, acting in the capacity of agent, servant, and employee of the City, and within the scope of his employment as such. Defendant Doe #1 is an Asian-American male officer of smaller stature than Defendant Reyes, approximately 5'9" and approximately 30 years of age. Defendant Doe #1 was the regular partner of Defendant Reyes on the dates of the incidents in question. Defendant John Doe #1 is being sued under fictitious names because his name is unknown at this time.

17. At all relevant times, Defendants NYPD Officers John Doe #2-4, names and shield numbers unknown, were police officers of the New York City Police Department, acting in the capacity of agents, servants, and employees of the City, and within the scope of their employment as such. Defendants John Doe #2-4 are being sued under fictitious names because their names are unknown at this time.

18. Defendant Luis Reyes and Defendants John Doe #1-4 are collectively referred to as "NYPD Defendants."

**JURISDICTION AND VENUE**

19. This action arises under the Fourth and Fourteenth Amendments to the

United States Constitution, 42 U.S.C. §§ 1983 and 1988, and New York State law.

20. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 1367.

21. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the acts complained of occurred in the Eastern District of New York.

## JURY DEMAND

22. Plaintiff demands a trial by jury.

## FACTUAL ALLEGATIONS

### *Mr. Niazi is Unlawfully Arrested*

23. On Wednesday, December 9, 2020, Mr. Niazi was enjoying a warm meal with his brother and two friends in a car that was legally parked at the intersection of 147th Steet and 38th Avenue, just one block from Mr. Niazi's home in Flushing, Queens.

24. Suddenly, a uniformed NYPD officer, Defendant Luis Reyes, approached the parked vehicle.

25. Defendant Reyes pulled Mr. Niazi's friend ("Friend #1"), the owner of the car who was sitting in driver's seat, out of the car.

26. Defendant Reyes violently assaulted Friend #1.

27. Approximately ten additional uniformed NYPD officers swarmed the vehicle as Defendant Reyes was assaulting Friend #1.

28. One officer, Defendant Doe #1, grabbed Mr. Niazi and forcefully yanked him from the passenger seat, causing Mr. Niazi's tooth to crash into the car door.

29. The crushing impact left Mr. Niazi's tooth chipped.

30. Defendant Doe #1 handcuffed Mr. Niazi with extreme force, applying the

4

handcuffs so tightly that Mr. Niazi lost feeling in his left thumb.

33. Mr. Niazi suffered lacerations and severe pain to his wrists and severe pain in his left hand as a result of Defendant Doe #1's actions.

*Mr. Niazi is Unlawfully Detained for Twenty-Four Hours*

32. After he was handcuffed, Defendant Doe #1 searched Mr. Niazi.

33. At approximately 6:00 p.m., Defendants Reyes and Doe #1 transported Mr. Niazi to the 109th Precinct, in Flushing, Queens.

34. Mr. Niazi repeatedly asked these Defendants and other NYPD officers on duty why he was being arrested but he received no response.

35. Mr. Niazi repeatedly reported to these Defendants and other NYPD officers on duty that Defendant Doe #1 had applied the handcuffs too tightly, but all the officers ignored him, as they ignored Mr. Niazi's requests for a phone call and a cup of water.

36. Defendants detained Mr. Niazi at the 109th Precinct overnight.

37. The next morning—despite Mr. Niazi's complaints that the handcuffs were applied too tightly the day before—Defendants Does #2 and #3 again handcuffed Mr. Niazi with excessive force, causing even more pain to his injured wrists.

38. Defendants Does #2 and #3 transported Mr. Niazi to Central Booking, where he was unlawfully detained for ten more hours.

39. While at Central Booking, a female NYPD officer, Defendant Doe #4, interrogated Mr. Niazi.

40. After the interrogation started, Mr. Niazi asked to speak with an attorney but Defendant Doe #4 denied his request.

41. Defendant Doe #4 continued to question Mr. Niazi even after his request

5

for counsel.

42. Nearly twenty-four hours after Mr. Niazi was first detained, he was released from NYPD custody on December 10, 2020.

43. As he was released, Defendant Doe #4 handed Mr. Niazi a letter, dated December 10, 2020, stating that his arrest was dismissed by the Queens County District Attorney's Office prior to Criminal Court arraignment.

44. Mr. Niazi never received any explanation for why Defendants had violently seized him, arrested him, unlawfully detained him, and interrogated him.

*Defendants Target Mr. Niazi for the Second Time in Less Than a Month*

45. On Saturday, January 2, 2021, Defendant Reyes and Defendant Doe #1 again stopped Mr. Niazi in his car, just blocks from his home.

46. Defendants Reyes and Doe #1 ordered Mr. Niazi out of his car, searched him, held him at the scene for approximately thirty minutes, and released him without an explanation for the stop.

47. Defendants Reyes and Doe #1 needlessly targeted and harassed Mr. Niazi on two separate occasions just weeks apart from each other, further exacerbating Mr. Niazi's fear of unlawful attacks and harassment from NYPD officers who swore an oath to protect him.

48. NYPD Defendants used their power to harm rather than protect, causing needless and unjustified harm to Mr. Niazi's physical and mental well-being.

*Defendants' Conduct Causes Mr. Niazi Lasting Harm*

49. Mr. Niazi's hands were cuffed tightly for long periods of time over the course of twenty-four hours, causing severe and lasting pain in his wrists and his left hand.

50. Mr. Niazi's tooth was chipped and required the dentist to repair the damage Defendants caused.

51. Mr. Niazi continues to suffer lingering pain in his left wrist and thumb.

52. Mr. Niazi also suffers from psychological trauma related to the arrest. He feels anxious and afraid when he sees police.

*Mr. Niazi Timely Files a Notice of Claim*

53. Within ninety days after Mr. Niazi's December 9, 2020 arrest, counsel for Mr. Niazi filed a Notice of Claim with the New York City Comptroller's Office.

54. Mr. Niazi attended and testified at the hearing required under Section 50-H of the General Municipal Law on April 29, 2021, by video conference.

55. This action has been commenced within one year and ninety days of the events upon which the claims are based.

**FIRST CAUSE OF ACTION**
42 U.S.C. § 1983 – Fourth and Fourteenth Amendments
False Arrest
(Against NYPD Defendants)

56. Plaintiff repeats and realleges the above paragraphs as if they were fully set forth at length herein.

57. NYPD Defendants wrongfully and illegally arrested Plaintiff.

58. The wrongful, unjustifiable, and unlawful apprehension, arrest, and detention of Plaintiff were carried out without any basis, without Plaintiff's consent, and without probable cause or reasonable suspicion.

59. NYPD Defendants knew that they lacked probable cause to arrest Plaintiff because they knew that Mr. Niazi was not engaged in unlawful conduct.

60. No reasonable officer would have believed there was probable cause to arrest Plaintiff under these circumstances.

61. At all relevant times, NYPD Defendants acted forcibly in apprehending

7

and arresting Plaintiff.

62. Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, and falsely charged. At all times, the unlawful, wrongful, and false arrest of Plaintiff was without basis and without probable cause or reasonable suspicion.

63. All this occurred without any fault or provocation on the part of Plaintiff.

64. NYPD Defendants acted under pretense and color of state law. Said acts by Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and NYPD Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and by the Fourth and Fourteenth Amendments to the United States Constitution.

65. The conduct of NYPD Defendants was willful, wanton, and reckless.

66. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

**SECOND CAUSE OF ACTION**
42 U.S.C. § 1983 – Fourth and Fourteenth Amendments
Excessive Force
(Against Doe Defendants #1, #2, and #3)

67. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

68. At all relevant times, Doe Defendants #1, 2, and 3 were acting under color of state law in their individual and official capacities within the scope of their respective employments as police officers for the NYPD.

69. By assaulting Plaintiff and using excessive, brutal, and unconscionable force against Plaintiff, and by failing to intervene and prevent each other from using excessive force, Doe Defendants #1, 2, and 3 deprived Plaintiff of rights, remedies, privileges, and

8

immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including, but not limited to, rights guaranteed under the Fourth and Fourteenth Amendments of the United States Constitution.

70. Doe Defendants #1, 2, and 3 acted beyond the scope of their authority and jurisdiction to willfully, knowingly, and intentionally deprive Plaintiff of his constitutional rights.

71. As a direct and proximate result of Doe Defendants #1, 2, and 3's misconduct and abuse detailed above, Plaintiff sustained the damages herein before alleged.

### THIRD CAUSE OF ACTION
Common Law False Arrest/False Imprisonment
(Against All Defendants)

72. Plaintiff repeats and realleges the above paragraphs as if they were set forth fully herein.

73. NYPD Defendants wrongfully and illegally arrested Plaintiff.

74. The wrongful, unjustifiable, and unlawful apprehension, arrest, and detention of Plaintiff were carried out without any basis, without Plaintiff's consent, and without probable cause or reasonable suspicion.

75. NYPD Defendants knew they lacked probable cause to arrest Plaintiff because they knew that Mr. Niazi was not engaged in unlawful conduct.

76. No reasonable officer would have believed there was probable cause to arrest Plaintiff under these circumstances.

77. At all relevant times, NYPD Defendants acted forcibly in apprehending and arresting Plaintiff.

78. Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest,

deprived of his liberty, and falsely charged. At all times, the unlawful, wrongful, and false arrest of Plaintiff was without basis and without probable cause or reasonable suspicion.

79. All this occurred without any fault or provocation on the part of Plaintiff.

80. NYPD Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

81. Defendant City of New York, as employer of NYPD Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

82. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
Assault
(Against Defendant Does #1, #2, and #3 and Defendant City of New York)

83. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

84. By reason of the foregoing, and by threateningly approaching Plaintiff and intentionally slamming him into the car door and handcuffing Plaintiff with extreme force, Doe Defendants #1, 2, and 3, acting in their capacity as officers of the NYPD and within the scope of their employment as such, intentionally placed Plaintiff in apprehension of imminent offensive contact and displayed the ability to effectuate such contact, and thereby committed a willful, unlawful, unwarranted, and intentional assault upon Plaintiff.

85. The assault committed by Doe Defendants #1, 2, and 3 was unnecessary and unwarranted in the performance of their duties as officers of the NYPD and constituted an

unreasonable and excessive use of force.

86. Defendant City of New York, as employer of Doe Defendants #1, 2, and 3 is responsible for their wrongdoing under the doctrine of *respondeat superior*.

87. As a direct and proximate result of Doe Defendants #1, 2, and 3's misconduct and abuse detailed above, Plaintiff sustained the damages hereinbefore alleged.

**FIFTH CAUSE OF ACTION**
Battery
(Against Doe Defendants #1, #2, and #3 Defendant City of New York)

88. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

89. By reason of the foregoing, and by intentionally slamming Plaintiff into the car door and handcuffing Plaintiff with extreme force, Doe Defendants #1, 2, and 3 acting in their capacity as NYPD officers and within the scope of their employment as such, committed a willful, unlawful, unwarranted, and intentional battery upon Plaintiff.

90. The battery committed by Doe Defendants #1, 2, and 3 was unnecessary and unwarranted in the performance of his duty as an NYPD officer and constituted an unreasonable and excessive use of force.

91. Defendant City of New York, as employer of Doe Defendants #1, 2, and 3 is responsible for his wrongdoing under the doctrine of *respondeat superior*.

92. As a direct and proximate result of Doe Defendants #1, 2, and 3's misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

\* \* \*

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as

follows:

    a.    Compensatory damages in an amount to be determined at trial;

    b.    Punitive damages against NYPD Defendants in an amount to be determined at trial;

    c.    Reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    d.    Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       February 28, 2022

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP

By:   /s/ Katherine Rosenfeld
Katherine Rosenfeld
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

JOSE L. NIEVES, ESQ.
213-37 39th Avenue, Suite 184
Bayside, New York 11361
(631) 861-5094

*Attorneys for Plaintiff Masahb Niazi*